IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>           Applicant,<br><br>v.<br><br>AARON'S, INC.,<br>           Respondent. | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>) |

**APPLICATION FOR AN ORDER TO SHOW CAUSE**
**WHY SUBPOENA SHOULD NOT BE ENFORCED**

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") files this Application for an order to show cause why the administrative subpoena duces tecum, requiring the production of documents, issued by the EEOC on December 4, 2009, should not be enforced against Aaron's, Inc. ("Respondent"), a retail sales and rental corporation. In support of its Application, the EEOC states as follows:

      1.      This is an action for enforcement of a subpoena duces tecum pursuant to § 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-9.

      2.      Jurisdiction is conferred upon the Court by § 706(f)(3), 42 U.S.C. §2000-5(f)(3), and by § 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in § 710 of Title VII, 42 U.S.C. § 2000e-9.

      3.      The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, including, inter alia, the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to § 710 of Title VII, 42 U.S.C. § 2000e-9.

      4.      Respondent has at all relevant times been an employer within the meaning of

Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. On May 1, 2008, Otis Nash filed a Charge of Discrimination against Respondent, Charge No. 440-2008-04591, alleging that Respondent unlawfully discriminated against him on the basis of his race in violation of Title VII, by terminating him. On December 4, 2009, EEOC served Respondent with Subpoena No.CH-10-037, which requested, in Request No. 3 that Respondent provide EEOC with documents identifying all individuals who applied for employment at any Respondent location in the State of Illinois during the period September 1, 2005 through the present, and contact and other identifying information for these persons. The subpoena requested further that Respondent submit the information to EEOC in an electronic database and that the information be tendered by December 21, 2009.

6. On December 16, 2009, Respondent filed a Petition to Revoke or Modify Subpoena No. 10-037. Specifically, Respondent sought to modify Request No. 4 of Subpoena No. 10-037, which requested copies of its franchise agreements for its Illinois locations. Respondent did not seek to revoke or modify Request No. 3 in its Petition.

7. On May 21, 2010, EEOC received a copy of Respondent's franchise agreement for the Illinois facility which employed Charging Party Nash, which brought Respondent in compliance with respect to Request No. 4.

8. In September and October 2010, counsel for EEOC had several discussions with counsel for Defendant Alisa P. Cleek, asking for applicant flow data as requested in Request No. 3 of Subpoena No. 10-037. Ms. Cleek indicated that Respondent did not keep the information requested in an electronic format. EEOC then requested the information in any format kept by Respondent. Ms. Cleek informed counsel for EEOC that she needed to confer with her client and that she would follow-up with counsel for EEOC. Ms. Cleek never followed-up with counsel for EEOC. Counsel for EEOC made several attempts to follow-up with Ms. Cleek to no avail. Counsel for EEOC advised Ms. Cleek that Respondent must comply fully with Subpoena

2

No. 10-037 no later than October 28, 2010, or EEOC would have no other alternative but to file the instant action.

9. On December 20, 2010, counsel for EEOC contacted Ms. Cleek once again in an effort to resolve this matter without involvement of the Court. Ms. Cleek never returned the call and to date, Respondent has failed to comply fully with Subpoena No. 10-037.

10. The accompanying Declaration of Susan Smith, EEOC Investigator (Exhibit A to the EEOC's Memorandum in Support of Application to Show Cause, filed concurrently herewith), and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

WHEREFORE, the EEOC respectfully requests that this Court:

A. Immediately issue an Order to Show Cause directing Respondent to appear before this Court on a certain date to show cause why an order should not issue directing Respondent to comply fully with the EEOC's Subpoena;

B. Upon return of this Order to Show Cause, issue an order directing Respondent to comply fully with the Subpoena;

C. Award the EEOC its costs in bringing this action; and

D. Grant the EEOC such further relief as may be necessary and appropriate.

Dated: January 12, 2011 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 _s:/ June Wallace Calhoun_
　　　　　　　　　　　　　　　　　　　　　　　　June Wallace Calhoun
　　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney

　　　　　　　　　　　　　　　　　　　　　　　　U.S. EQUAL EMPLOYMENT
　　　　　　　　　　　　　　　　　　　　　　　　OPPORTUNITY COMMISSION
　　　　　　　　　　　　　　　　　　　　　　　　500 West Madison Street, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60661
　　　　　　　　　　　　　　　　　　　　　　　　(312) 869-8103