IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                Applicant,<br><br>v.<br><br>AARON'S, INC.,<br>                Respondent. | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE

### I. INTRODUCTION

This case is before the court on the application of the Equal Employment Opportunity Commission ("EEOC" or the "Commission") for an Order to Show Cause Why a Subpoena Should Not be Enforced. The EEOC is currently investigating a charge of a possible violation of Title VII of the Civil Rights Act of 1964 ("Title VII") filed against Aaron's, Inc. ("Respondent), a retail sales and rental corporation, alleging race discrimination. In the course of its investigation, the EEOC issued a subpoena on December 4, 2009, seeking in Request No. 3 the identification of all individuals who applied for employment with Respondent in the State of Illinois during the period September 1, 2005, through the present, and contact and other identifying information for these persons. Respondent responded to the Subpoena by filing a Petition to Revoke or Modify Request No. 4 of the subpoena, which requested copies of its franchise agreements for its Illinois locations. On May 21, 2010, Respondent ultimately provided EEOC with a copy of its franchise agreement. Respondent never objected to Request No. 3 of the subpoena; however, to date it has failed to comply with this request. Respondent informed EEOC that it did not have the requested information in an electronic format, as

1

requested. EEOC then modified its request and informed Respondent that it would accept the information in any format kept by Respondent. In September and October 2010, counsel for Respondent informed counsel for EEOC that she needed to confer with her client, and that she would follow-up with EEOC. To date, Respondent has refused to provide any additional information to EEOC. This refusal has delayed and hampered the investigation of this charge. The EEOC therefore applies to this Court to issue an Order To Show Cause Why the Subpoena Should Not be Enforced.

## II. FACTUAL BACKGROUND

On May 1, 2008, Otis Nash filed a Charge of Discrimination against Respondent, Charge No. 440-2008-04591, alleging that Respondent unlawfully discriminated against him on the basis of his race, Black, in violation of Title VII, by terminating his employment. (See Exhibit A, Declaration of Susan Smith ("Smith Decl."), and Exhibit 1 thereto). Specifically, Nash claims that he was terminated due to the results of a criminal background check.

On December 4, 2009, EEOC served Respondent with Subpoena No.CH-10-037, which requested, in Request No. 3 documents identifying all individuals who applied for employment at any Respondent location in the State of Illinois during the period September 1, 2005 through the present, and providing contact and other identifying information for these persons. Specifically, the Subpoena states as follows:

> For the time period from September 1, 2005 to the present, submit an electronic database identifying all individuals who have applied for employment at any Respondent location in the State of Illinois. For each individual, provide: a) name; b) race; c) national origin; d) last known home address, home telephone number and cell phone number; e) store location at which the applicant applied; f) copy of the job application; g) position applied for; h) date of offer of employment, if applicable; i) date criminal background check was conducted, if applicable; j) date of hire, if applicable; k) position title at hire, if applicable; l) date offer of employment was rescinded, if applicable; and m) copies of all applicants' criminal background checks.

(Subpoena No.CH-10-037 attached as Exhibit 2 to Smith Decl.). The subpoena requested that the information be tendered by December 21, 2009. (Id.)

In September 2010, counsel for Respondent informed EEOC that it did not retain the information sought in an electronic format. EEOC then informed counsel for Respondent that it would accept the information sought in any format that Respondent used to store the same. Counsel for Respondent informed counsel for EEOC that she needed to confer with her client and that she would follow-up with EEOC. Counsel for EEOC made several attempts to contact counsel for Respondent throughout September and October 2010, to no avail. Counsel for EEOC told counsel for Respondent that it would have no other alternative than to bring this matter to this Court's attention if Respondent failed to respond fully to the subpoena no later than October 28, 2010. On December 20, 2010, counsel for EEOC contacted counsel for Respondent once again in an effort to resolve this matter without involvement of the Court. Counsel for Respondent never returned the call and to date, Respondent has failed to comply fully with Subpoena No. 10-037.

After discontinuing communications with EEOC counsel, Respondent has, to date, failed to provide EEOC with the requested information, thus effectively stalling EEOC's investigation.

### III. ARGUMENT

A. Respondent Failed to Exhaust Its Administrative Remedies and Therefore Has Waived Its Right to Challenge the Subpoena.

Respondent did not exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena. Any recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena.[1] "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." EEOC v.

---

[1] 29 U.S.C. § 161 and 29 C.F.R. § 1601.16(b) of the National Labor Relations Act (incorporated into § 710 of Title VII, 42 U.S.C. § 2000e-9).

3

County of Hennepin, 623 F. Supp. 29, 31-32 (D. Minn. 1985); see also EEOC v. Cuzzens of Georgia, 608 F.2d 1062, 1063-64 (5th Cir. 1979)(per curiam); EEOC v. Roadway Express, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983).

Respondent did petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations. However, Respondent's petition was limited to an objection to Request No. 4 of the subpoena, which requested copies of its franchise agreements for its Illinois locations. Smith Decl.¶ 11. Consequently, all of Respondent's objections to enforcement of the subpoena as it relates to the other requests, other than constitutional objections, have been waived. Because Respondent does not, and cannot, raise any constitutional objections, the subpoena should be enforced.

    B.    Respondent Has No Valid Defense for Failing to Comply with the EEOC's Subpoena.

        1.    Administrative subpoena enforcement proceedings are summary in nature.

Respondent has no valid defense for failing to comply fully with the EEOC's subpoena. A subpoena enforcement proceeding is "a summary process designed to decide expeditiously whether a subpoena should be enforced." EEOC v. Roadway Express, Inc., 750 F.2d 40, 42 (6th Cir. 1984). A district court's review of an EEOC subpoena is "sharply limited." EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987).

To petition a court successfully to enforce an administrative subpoena, the Commission need only show: 1) that the subpoena is within the agency's authority; 2) that the agency has satisfied its own procedural (due process) requirements; and 3) that the information sought is relevant to its investigation. EEOC v. Shell Oil Company, 466 U.S. 54, 72 n.61 (1984); EEOC v. A. E. Staley Mfg. Co., 711 F.2d 780, 788 (7th Cir. 1983), cert. denied, 466 U.S. 936 (1984).

4

Once this showing has been made by the Commission, the court must enforce the subpoena unless the party being investigated can prove that the subpoena is unduly burdensome. See, e.g., EEOC v. Bay Shipbuilding Corp., 668 F.2d 304, 313 (7th Cir. 1981). As the following discussion illustrates, Respondent has no basis for challenging the validity of the subpoena, and therefore, the subpoena should be enforced.

2. The subpoena is valid and within the agency's authority.

First, through Title VII, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging violations of Title VII. Congress conferred broad powers upon the Commission in furtherance of its investigatory responsibilities, granting the EEOC the right to obtain access to records of those entities against whom charges have been filed; the EEOC is authorized to subpoena any information "that relates to any matter under investigation or in question." 29 U.S.C. § 161. Here, the EEOC is investigating whether Respondent engaged in race discrimination of the Charging Party when it terminated his employment based on the results of its criminal background check after he worked there and had a successful employment record for more than six years. Such an investigation is clearly within the agency's statutory authority, and thus, the first prong of the test has been satisfied.

3. EEOC has satisfied all procedural prerequisites.

Moreover, the EEOC has complied with all procedural requirements underlying the subpoena. A valid charge has been filed, and the subpoena contains all the information required by the EEOC's regulations. 29 C.F.R. §1601.16 (elements of subpoena);[2] see also EEOC v. Shell

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized

5

Oil Company, 466 U.S. 54, 68-69 (1984); 29 C.F.R. § 1601.12 (requirements of valid charge). Respondent does not, and could not, allege that these basic requirements have not been met.

        4.       The information sought is relevant.

Finally, the information sought by the subpoena is relevant to the issues under investigation, and, indeed, is among the most basic information EEOC typically seeks. The concept of relevancy during an EEOC investigation is much broader than that during litigation. The Commission is uniformly afforded access to "virtually any material that might cast light on the allegations" against the employer.  See Shell Oil, 466 U.S. at 68-69 (noting with approval the trend among courts in enforcing administrative subpoenas if the material subpoenaed "touches a matter under investigation"); see also Motorola v. McLain, 484 F.2d 1339, 1342 (7th Cir. 1973), cert. denied, 416 U.S. 936 (1974).

It is undeniable that the requested information "might cast light on the allegations" made by the Charging Party.  The Charging Party alleges that he was subjected to race discrimination in that Respondent terminated his employment on the basis of a criminal background check conducted more than six years after he was hired and had a successful employment record. EEOC merely seeks information identifying other applicants who were not hired based on the results of a criminal background check and their contact information to determine the size and makeup of the class of employees who may have been affected by Respondent's same policy and to find any witnesses to the alleged discrimination.

Respondent has not provided any basis for its position that it will not provide the requested information, other than to say Respondent does not keep this information in an electronic format.  The personnel information requested is clearly relevant and is tailored to

---

      investigator or other representative of the Commission.

obtain the identities of witnesses, as well as of individuals who may be victims of discrimination by Respondent.

     5.    Compliance with the subpoena does not impose an undue burden on respondent.

A court will not excuse compliance with a subpoena for relevant information on the grounds of burdensomeness unless the Respondent establishes that "compliance threatens to unduly disrupt or seriously hinder normal operations of a business." EEOC v. A. E. Staley Mfg. Co., 711 F.2d 780, 788 (7th Cir. 1983), cert. denied, 466 U.S. 936 (1984). The party objecting to the subpoena on the basis that it is burdensome must show that the cost of compliance is unduly burdensome in light of the party's normal operating expenses. Respondent has not done this. Rather, Respondent has only stated that it does not keep the information in the format requested. However, EEOC offered that Respondent provide the information in whatever format that it is maintained. Respondent has therefore failed to show that compliance threatens to unduly disrupt or seriously hinder its normal business operations. Indeed, Respondent likely has a computerized list of its applicants, which contains contact and other identifying information, and merely has to print out the list in order to comply with EEOC's subpoena. Respondent has woefully failed to meet its burden.

## IV. CONCLUSION

For the foregoing reasons, this court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. Further, Respondent has not established that complying with the subpoena would be unduly burdensome. The Commission therefore urges the court to issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, enforce the subpoena.

Dated: January 12, 2011 Respectfully submitted,

  *s:/ June Wallace Calhoun*
June Wallace Calhoun
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8103