IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION, ) ) ) ) | |
| Applicant, ) ) | |
| v. ) ) | CHARGE NO. 440-2008-04591 |
| AARON'S, INC., ) ) | SUBPOENA NO. CH-10-037 |
| Respondent. ) | |

### RESPONDENT AARON'S, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PARAGRAPHS 9 AND 10 OF THE DECLARATION OF SUSAN SMITH

COMES NOW Aaron's, Inc., Respondent ("Aaron's"), and files this Memorandum of Law in Support of its Motion to Strike Paragraphs 9 and 10 of the Declaration of Susan Smith, submitted in conjunction with the United States Equal Employment Opportunity Commission's ("Applicant") Application for an Order to Show Cause, and shows the Court as follows:

### I. INTRODUCTION

**A. Procedural Posture**

This enforcement proceeding is before the Court based on Applicant's January 12, 2011 Application for an Order to Show Cause ("Application") as to why a subpoena issued in conjunction with Applicant's investigatory authority should not be enforced. See 29 U.S.C. § 161, as incorporated by 42 U.S.C. § 2000e-9. As an initial matter, it should be noted that while Applicant is not required to file a complaint or issue a summons in order to commence a subpoena enforcement action, this is a full judicial proceeding to which the Federal Rules of

Civil Procedure apply,[1] if not overridden by a specific statutory provision, district court rule, or by order of a court in its proceedings. See EEOC v. Deer Valley Unified Sch. Dist., 968 F.2d 904, 906 (9th Cir. 1992) (noting that the Federal Rules of Civil Procedure apply to EEOC enforcement proceedings, but that such proceedings are not subject to local rules governing procedures for handling discovery disputes). No such statute, rule, or order applies here. Therefore, this Motion is being timely submitted pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and this Court's Local Rule 5.3(b). Fed. R. Civ. P. 7(b); L.R. 5.3(b).

## II. RELEVANT FACTS[2]

On or about May 1, 2008, Otis Nash ("Charging Party"), a former employee of Aaron's, filed a charge of discrimination with the EEOC ("Charge") alleging that he was discriminated against because of his race when he was terminated on or about September 12, 2007. (See Memorandum in Support of Application for Order to Show Cause, Ex. A-1). Thereafter, the EEOC commenced an investigation and issued a subpoena to Aaron's on December 4, 2009, requesting that various records be mailed to the EEOC by December 21, 2009. (See Memorandum in Support of Application for Order to Show Cause, Ex. A-2). The relevant part of the subpoena at issue in the Application is Request No. 3, which seeks the following:

> (3) For the time period from September 1, 2005 to the present, submit an electronic database identifying all individuals who have applied for employment at any Respondent location in the State of Illinois.

(Id. at p. 2.) The subpoena also defined the term "electronic database."[3] After receiving the subpoena, Aaron's timely responded to Request No. 3 as follows: "Respondent does not have an

---

[1] See Fed. R. Civ. P. 81(a)(5) ("These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.").

[2] A Response to the EEOC's Application for an Order to Show Cause has been filed which contains a more detailed statement of facts.

electronic database responsive to this request." (See Decl. Alisa P. Cleek, which is attached hereto as Ex. 1, and Ex. 1-A, p. 2 thereto).

After Aaron's response was issued, the undersigned negotiated at various times over the next twelve months with Aaron DeCamp, a member of the EEOC's Chicago office, regarding Request No. 4, to which Aaron's had objected. (See Decl. Alisa P. Cleek, which is attached hereto as Ex. 1, at ¶ 5). Aaron's Counsel never spoke with Susan Smith regarding Request No. 4.. (Id. at ¶ 5). Eventually, Investigator DeCamp proposed that any disputes regarding the subpoena would be fully resolved if Aaron's simply provided a copy of the franchise agreement related to the location that was bought by Aarons at which Charging Party had worked. (Id.) Accordingly, the franchise agreement was produced on May 14, 2010. (Id.; see also Id. at Ex. 1-B).

Next, in June of 2010, Investigator Susan Smith contacted Aaron's counsel requesting evidence that Aaron's does not have a blanket policy of denying employment to individuals with a felony conviction. (See Decl. Alisa P. Cleek, which is attached hereto as Ex. 1, at ¶ 6). More specifically, Ms. Smith asked for the names of a few individuals who were hired with a felony conviction and their date of hire. (Id.). Ms. Smith indicated that this last piece of information would resolve all issues related to the subpoena. (Id.). Although this request fell outside the scope of the subpoena, Aaron's provided the requested information through counsel on August 6, 2010. (Id.). These are the only conversations that counsel for Aaron's ever had with Ms. Smith. (Id. at ¶ 7).

---

[3] " Electronic database" is defined as follows: "a native electronic file submitted on a compact disc (CD-ROM that can be opened and sorted by Microsoft Excel, e.g. Microsoft Excel File (".XLS"), comma delimited file (".CSV"), wherein the first row of the database contains the field or variable names of the requested information and each subsequent row of the database shall contain the requested information for each individual identified."

The only testimonial evidence submitted in support of the Application was the Declaration of Susan Smith. In pertinent part, the Declaration states the following:

> 3. I am the Investigator assigned to the files for Charge No. 440-2008-04581, filed by Otis Nash ("Charging Party") against Aaron's, Inc. ("Respondent").
>
> 4. I state the following based on my personal experience in working on this file and on my personal knowledge *of the procedures and documents* maintained by the Chicago District office:
>
> . . . . .
>
> 9. In *September and October 2010, EEOC contacted Respondent* in an effort to obtain the outstanding information without need of Court intervention. Respondent informed EEOC that it did not retain the information in an electronic format, as requested in the subpoena. *EEOC informed Respondent* that it would accept the requested information in any format kept by Respondent. Respondent stated that it would follow-up with EEOC. EEOC asked Respondent to respond fully to the subpoena on or before October 28, 2010.
>
> 10. To date Respondent has failed to communicate with EEOC and Respondent has failed to provide any additional information relating to Request No. 3 which would bring it into full compliance with the subpoena.

(See Memorandum in Support of Application for Order to Show Cause, Ex. A at ¶¶ 3-4, 9-10) (emphasis added). The Declaration of Susan Smith, however, is based on facts entirely outside of her personal knowledge. At no time did counsel for Aaron's have any communication with Ms. Smith regarding Request No. 3 of the subpoena. (See Decl. Alisa P. Cleek, which is attached hereto as Ex. 1, at ¶ 8). Notably, a careful review of the Declaration reveals that Susan Smith does not even allege to have had said conversations with counsel for Aaron's. Accordingly, the statements in Paragraphs 9 and 10 are nothing more than conclusory allegations based entirely on hearsay, and as such they must be stricken.

## II. ANALYSIS

### A. Affidavits and Declarations in Support of Motions Must Be Based on Personal Knowledge.

Rule 602 of the Federal Rules of Evidence provides, in pertinent part, that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. It is well established that affidavits and declarations submitted in support or opposition to a motion are subject to the "personal knowledge" standard, meaning that an affidavit or declaration is inadmissible if the witness did not actually perceive or observe that which he testifies to. See Reed v. Indiana Dept. of Corrections, 30 Fed. App. 616, 619 (7th Cir. 2002) (noting that declarations submitted in support of a motion must be based on personal knowledge); see also Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193 (10th Cir. 2006) (noting that an affidavit is inadmissible if "the witness could not have actually perceived or observed that which he testifies to"); Ney v. City of Hoisington, 508 F. Supp. 2d 877, 883 (D. Kan. 2007) (holding that inadmissible statements in affiant's affidavit included her attempts to assert the subjective thoughts of others as fact, and hearsay statements of other employees or of her supervisors); McClendon v. Georgia Kaolin Co., Inc., 782 F. Supp. 1548 (M.D. Ga. 1992) (holding that affidavits by personal representatives which were not founded on personal knowledge were not admissible).

Thus, it is elementary that Rule 602 serves to prevent situations in which a witness, such as Susan Smith, attempts to testify regarding the subject matter of a hearsay statement via declaration. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). With regards to the hearsay doctrine, this Court has held that the testimony of a witness regarding what some other person told him or her, when offered to prove the

existence of those facts, is inadmissible hearsay though it consists of a statement based on the witnesses own knowledge. See U.S. v. E. I. Du Pont De Nemours & Co., 126 F. Supp. 27, 37 (N.D. Ill. 1954) (noting that "Courts will not receive the testimony of a witness as to what some other person told him as evidence of the existence of the facts asserted even though it consists of a statement based on his own knowledge," and that the same rule applies to documents).

**B. The Declaration of Susan Smith is Not Based on Personal Knowledge and Constitutes Inadmissible Hearsay.**

The statements in Paragraphs 9 and 10 of Susan Smith's Declaration are textbook hearsay and otherwise objectionable in that they are not based on her personal knowledge. In fact, even Susan Smith concedes as much, as one of the opening paragraphs of the Declaration indicates that it is based on her "personal experience in working on this file and on my personal knowledge of the procedures and documents maintained by the Chicago District office." (See Memorandum in Support of Application for Order to Show Cause, Ex. A at ¶ 4). (Emphasis added). Glaringly absent from the Declaration is any statement to the effect that Ms. Smith has "personal knowledge" of the facts set forth in her Declaration. (Id.). Also absent is a statement to the effect that Ms. Smith spoke with counsel for Aaron's regarding the conversations about which she testifies in Paragraphs 9 and 10. (Id.). Accordingly, Paragraphs 9 and 10 are text book hearsay statements in that they are not based on Ms. Smith's personal knowledge and, therefore, must be stricken.

### III. CONCLUSION

The Declaration submitted by Susan Smith fails even the most conservative analysis of either Rule 602 or 801. As this Court has noted before, affidavits and declarations that merely repeat hearsay are not based on personal knowledge, have no probative value, and cannot be considered. See E. I. Du Pont De Nemours & Co., 126 F.Supp. at 37 (N.D. Ill. 1954). The

Declaration submitted in this case is on all fours with the above-referenced decision. Accordingly, the aforementioned statements have no probative value in these proceedings and should be struck from the record. Therefore, Aaron's respectfully moves this Court to strike Paragraphs 9 and 10 of the Declaration of Susan Smith.

Respectfully submitted, this 26th day of January 2011.

                                      s/ Wen-Shin Cheng
                                      Wen-Shin Cheng
                                      Illinois Bar No. 6236842

TRESSLER LLP
233 S. Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone:   (312) 627-4181
Facsimile:   (312) 627-1717
Email: wcheng@tresslerllp.com

                                      /s/Alisa P. Cleek
                                      Alisa P. Cleek
                                      Georgia Bar No. 581063
                                      *Pro Hac Vice* Pending

ELARBEE, THOMPSON,
SAPP & WILSON, LLP
800 International Tower
229 Peachtree St., N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
Email: cleek@elarbeethompson.com

Attorneys for Respondent Aaron's, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION, | ) ) ) ) | |
| Applicant, | ) ) | |
| v. | ) ) ) | CHARGE NO. 440-2008-04591 |
| AARON'S, INC., | ) ) | SUBPOENA NO. CH-10-037 |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2011, I electronically filed the foregoing **RESPONDENT AARON'S, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PARAGRAPHS 9 AND 10 OF THE DECLARATION OF SUSAN SMITH** with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following:

> June Wallace Calhoun
> Diane I. Smason
> John C. Hendrickson

> /s/ Wen-Shin Cheng
> Wen-Shin Cheng
> Illinois Bar No.6236842

TRESSLER LLP
233 S. Wacker Drive
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 627-4181
Facsimile: (312) 627-1717
Email: wcheng@tresslerllp.com