IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Applicant,<br><br><br><br>AARON'S, INC.,<br>    Respondent. | )<br>)<br>)<br>)<br>) Civil Action No. 11 CV 00201<br>) Charge No. 440-2008-04591<br>) Subpoena No. CH-10-037<br>) Hon. Matthew F. Kennelly<br>)<br>) |

**APPLICANT EEOC'S MEMORANDUM IN OPPOSITION TO RESPONDENT AARON'S, INC.'S MOTION TO STRIKE PARAGRAPHS 9 AND 10 OF THE DECALARATION OF SUSAN SMITH**

Applicant, U.S. Equal Employment Opportunity Commission ("EEOC"), submits this Memorandum in Opposition to Respondent Aaron's, Inc.'s ("Respondent" or "Aaron's") Motion to Strike Paragraphs 9 and 10 of the Declaration of Susan Smith. Aaron's Motion to Strike is based on its claim that the information contained in paragraphs 9 and 10 of Investigator Susan Smith's Declaration relates to matters outside the affiant's personal knowledge and constitutes hearsay pursuant to Rules 602 and 801 of the Federal Rules of Evidence. As shown below, Aaron's argument is without merit, because the information in paragraphs 9 and 10 is within the hearsay exception for public records and reports, FRE 803(8)(A).

As the Investigator assigned to Otis Nash's Charge of Discrimination, Susan Smith was in frequent contact with Aaron DeCamp, the EEOC Trial Attorney initially assigned to handle the subpoena enforcement action in this case. (See DeCamp Decl., ¶ 11). Indeed, in September and October 2010, when Attorney DeCamp contacted Respondent's attorney Alisa P. Cleek ("Cleek") in an effort to obtain the outstanding information sought by EEOC's subpoena, DeCamp kept Smith abreast of his communications with Cleek. (See DeCamp Decl., ¶ 11).

Specifically, DeCamp informed Smith that when Cleek told him that Respondent did not keep the information sought in an electronic format, DeCamp told her that EEOC would accept the information in any format kept by Respondent, and that Cleek declined to provide any information. (See DeCamp Decl., ¶ 12). In addition, DeCamp informed Smith that he asked Respondent, via voice mail message to Cleek, to respond fully to the subpoena on or before October 28, 2010, and that Cleek never responded in any way to any of DeCamp's messages. (See DeCamp Decl., ¶ 13). Such communications between EEOC Investigators and Trial Attorneys are routine and are part of the regular manner in which EEOC conducts its business. (See DeCamp Decl., ¶ 14).

## ARGUMENT

**Paragraphs 9 and 10 are Within the Hearsay Exception for Public Records and Reports**

Paragraphs 9 and 10 of the Declaration of Susan Smith are admissible under Federal Rule of Evidence 803 (8) (A), the public records and reports exception to the hearsay rule. Rule 803(8) (A) provides as an exception to the hearsay rule "records, statements or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency." Smith, as an EEOC Investigator assigned to the underlying Charge, which gave rise to the impending investigation, is competent to make the statements in paragraphs 9 and 10 of her Declaration because they are about the activities of a federal agency conducting an investigation to which she is assigned. It is not necessary that Smith have personally participated in every effort to bring Respondent into compliance with EEOC's subpoena in order for her to identify via declaration the EEOC's efforts to procure the same.

Moreover, EEOC Attorney DeCamp was personally involved in communications with Respondent's counsel Cleek and can personally attest to every effort undertaken by him to procure the outstanding information from Respondent. (See DeCamp Decl., ¶¶ 9 and 10).

DeCamp can attest further that he informed Smith of all of his efforts to procure the same. (See DeCamp Decl., ¶¶ 11-13).

In any event, the real issue in EEOC's subpoena enforcement action is whether EEOC is entitled to the information sought, not whether its investigator has personal knowledge of every effort made by the Commission to obtain the information. The latter is just a sideshow by Respondent in an attempt to avoid having to produce relevant information so that EEOC can complete its investigation.

## CONCLUSION

Based on the foregoing, it is clear that Respondent's Motion to Strike Paragraphs 9 and 10 of Susan Smith's Declaration is without merit and should be denied in its entirety.

Dated: February 16, 2011

Respectfully submitted,

*s:/ June Wallace Calhoun*
June Wallace Calhoun
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 269-8103
june.calhoun@eeoc.gov